UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DON SHAPIRO, INC. d/b/a
DON SHAPIRO PRODUCE,

    Plaintiff,

v.

CAPITOL FOOD CORP. OF
FIELDS CORNER, et al.,

    Defendants.

Civil No. 04CV11029REK

### STIPULATION AND ORDER

Plaintiff, Don Shapiro, Inc. d/b/a Don Shapiro Produce, and defendants Midland Farms Stores, Inc., Demetrios Haseotes, and Dale Steenburgh, by and through their respective undersigned attorneys and authorized representatives, hereby stipulate and agree to fully settle this matter on the terms set forth below, and the Court hereby approves this Stipulation and enters the Order thereon.

1. Plaintiff is a trust creditor under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c), against defendant, Midland Farms Stores, Inc., on a debt in the amount of $9,153.97.

2. Defendant Midland Farms Stores, Inc. shall pay to Plaintiff the sum of Nine Thousand One Hundred Fifty-Three and 97/100 Dollars ($9,153.97), in four weekly installments of $2,000.00, beginning July 2, 2004, and continuing on each successive Friday thereafter, with a final payment of $1,153.97 to be paid on July 30, 2004, until the balance is paid in full. Defendant may make any prepayments to Plaintiff without penalty. Defendant shall make each of said payment by wire

transfer to McCarron & Diess or by certified check, cashier's check, or money order made payable to McCarron & Diess and deliver same to McCarron & Diess, 4910 Massachusetts Avenue, N.W., Suite 18, Washington, D.C. 20016, on or before the date payment is due. Defendant Midland Farms Stores, Inc., shall have a three business day grace period to make said payments.

3. To secure the payment of said amount, Defendants Midland Farms Stores, Inc., Demetrios Haseotes, and Dale Steenburgh, have executed a Joint Motion for Entry of Judgment, which will be held in escrow by the attorneys for the Plaintiff unless there is a default that has not been cured in accord with the terms set forth below in paragraph 4. (A copy of the Joint Motion for Entry of Judgment and Proposed Judgment are attached.)

4. If there is a default in the payment of any of the installment payments referenced in paragraph two (2), the aforesaid principal sum above mentioned, or any balance that may appear to be unpaid thereon, together with all costs and reasonable attorney's fees to collect the sum due (including those incurred in any proceedings to determine additional costs and fees) (hereafter "the Debt"), shall, at the option of the Plaintiff, thereupon become immediately due and payable and Plaintiff, upon the filing of an affidavit as to such default by Plaintiff's attorney with the Court with a copy thereof to defendants, shall be entitled to file the previously executed Joint Motion for Entry of Judgment and obtain a Judgment against defendants under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c) for the full amount of the debt.

5. Nothing herein, including the installment nature of the payments being made hereunder, shall be deemed, interpreted or otherwise construed as an extension of credit by the Plaintiff to Defendants, or as a waiver of the Plaintiff's rights under the statutory trust provision of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c). Plaintiff's rights under this Stipulation And Order are in addition to their rights under said trust provision.

6. Upon receipt of the full payment of $9,153.97 in accordance with the terms set forth herein, Plaintiff shall prepare and file a Stipulation to Dismiss With Prejudice with this Court, and issue a General Release in favor of Defendant.

7. This action shall be administratively closed subject to reopening to enforce the default provisions contained herein. This Court shall retain jurisdiction to enforce the default provisions herein.

Dated this 2ⁿᵈ day of July, 2004.

IT IS SO STIPULATED.

_____
Michael A. Kelly
Law Offices of Michael A. Kelly
55 Pine Street, Ste. 5000
Providence, RI 02903
(401) 490-7334
Counsel for Defendants

_____
John J. Hartigan
Flood & Hartigan
81 Bridge Street
Lowell, MA 01852
(978) 441-9900
Counsel for Plaintiff

- 3 -

IT IS SO ORDERED.

DONE AND ORDERED in the District of Massachusetts, this _____ day of _____, 2004.

_____
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DON SHAPIRO, INC. d/b/a
DON SHAPIRO PRODUCE,

    Plaintiff,

v.

CAPITOL FOOD CORP. OF
FIELDS CORNER, et al.,

    Defendants.

Civil No. 03-12315-pbs

## JOINT MOTION FOR ENTRY OF JUDGMENT

Plaintiff, Don Shapiro, Inc. d/b/a Don Shapiro Produce, and Defendants, Midland Farms Stores, Inc., Demetrios Haseotes, and Dale Steenburgh, by and through their respective undersigned attorneys and authorized representatives, hereby jointly move the Court to enter the Judgment in the form attached hereto.

Dated this _____ day of June, 2004.

---

Michael A. Kelly
Law Offices of Michael A. Kelly
55 Pine Street, Ste. 5000
Providence, RI 02903
(401) 490-7334
Counsel for Defendants

John J. Hartigan
Flood & Hartigan
81 Bridge Street
Lowell, MA 01852
(978) 441-9900
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DON SHAPIRO, INC. d/b/a    :
DON SHAPIRO PRODUCE,
                           :
    Plaintiff,
                           :   Civil No. 03-12315-pbs
v.
                           :
CAPITOL FOOD CORP. OF
FIELDS CORNER, et al.,     :

    Defendants.            :

## JUDGMENT

Upon review of the pleadings and affidavits filed in this case showing that defendants, Midland Farm Stores, Inc., Demetrios Haseotes, and Dale Steenburgh, for consideration and with full awareness of the legal consequences, made a voluntary, knowing and intelligent waiver of the right to notice and hearing on the merits of the claims of plaintiff, Don Shapiro, Inc. d/b/a Don Shapiro Produce, under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), and this case is not one of unequal bargaining power or overreaching, and that plaintiff has established that it is entitled to judgment, it is this _____ day of _____, 2004, by the United States District Court for the District of Massachusetts,

**ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of plaintiff, Don Shapiro, Inc. d/b/a Don Shapiro Produce and against defendants, Midland Farms Stores, Inc., Demetrios Haseotes, and Dale Steenburgh, under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c), in the collective amount of $9,153.97, less all payments made to plaintiff pursuant

to the Stipulation and Order previously entered, plus attorney's fees of $_____.

This Judgment is entered this \_\_\_\_ day of _____, 2004, at \_\_\_\_\_ \_\_.m. Plaintiff shall forthwith serve defendants and their counsel, if known, with a copy of this Order.

_____
United States District Judge